# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD YANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV208 JCH |
| | ) | |
| WILLIAM MCKINNEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e). After reviewing the amended complaint, the Court finds that defendants Randolph, Sands, and Cofield should be dismissed prior to service of process.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer

v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Amended Complaint**

Plaintiff brings this individual and official capacity suit under 42 U.S.C. § 1983. Named as defendants are William McKinney (Doctor, CMS), Kimberly Randolph (Health Services Administrator, CMS), Michael Sands (Assistant Regional Manager, CMS), and Jewel Cofield (Regional Manager, CMS).

The allegations against defendant McKinney are substantially the same as those plaintiff brought in the original complaint: that plaintiff suffers from neck pain which may be caused by degenerative spinal disease and that McKinney refuses to send plaintiff to get an MRI or to properly treat plaintiff's injury and pain. In the amended complaint, plaintiff also brings suit against defendant Randolph, Sands, and Cofield. Defendants Randolph, Sands, and Cofield are supervisors for CMS.

Plaintiff alleges that grievances and letters were directed to Randolph. Plaintiff claims that Randolph denied the grievances and did not respond to the letters. Plaintiff further claims that McKinney falsified his medical records and that Randolph relied on the falsified records when denying his grievances. Plaintiff believes that Randolph

must have participated in the alleged falsification of his grievances, but he does not allege sufficient facts to plausibly demonstrate such participation.

Plaintiff maintains that defendants Cofield and Sands both responded to and denied his grievances.

## Discussion

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff's claims against defendants Randolph, Sands, and Cofield do not show that their own individual actions violated the Constitution. Denial of grievances and letters do not violate the Constitution. E.g., George v. Smith, 507 F. 3d 605, 609 (7th Cir. 2007). As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Randolph, Sands, and Cofield are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Randolph, Sands, or Cofield because, as to these defendants, the complaint fails to state a claim upon which relief can be granted.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 16th day of November, 2010.

/s/ Jean C. Hamilton  
JEAN C. HAMILTON  
UNITED STATES DISTRICT JUDGE